UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENSENS TWIN PALM RESORT & MARINA,
as owner of a 25' Maurell motor
vessel, bearing the Hull
Identification No.: MAU02136A101
and Florida Registration No.:
FL7280LM, for Exoneration from or
limitation of liability,

                                   Case No.  2:03-cv-678-FtM-33DNF
                        Petitioner,
v.

DOVILE PETRIKONYTE as Power of Attorney
for the Parents of the Deceased,
Egidijus Poderys,

Claimant.
_____/

**ORDER**

This matter comes before the Court upon Claimant/Respondent's Second Amended Motion to Lift Order Restraining Suits and Amended Stipulation (Doc. # 73), which was filed on September 12, 2005.

Petitioner filed a Response in Opposition to Claimant/Respondent's Second Amended Motion to Lift Order Restraining Suits and Amended Stipulation (Doc. # 77-1) on September 29, 2005.

A stay of the state court proceedings in this matter is currently in place.  Claimant seeks an order lifting the stay so that the case currently pending in state court in Orange County, Florida may progress.  Claimant has filed an amended stipulation for this Court's review (Doc. # 73 at 2-3).

I.   **Background**

On December 17, 2003, Petitioner Jensens Twin Palm Resort and Marina filed a Complaint for Exoneration From or Limitation of Liability (Doc. # 1).  Petitioner's Complaint, in admiralty, seeks an order from this Court precluding or limiting its liability for a boating accident resulting in the death of Egidijus Poderys, a passenger of the vessel.  Petitioner was the owner of the vessel at the time of the incident.  Petitioner seeks such exoneration pursuant to the Limitation of Vessel Owner's Liability Act (the "Limitation Act") 46 U.S.C. § 181, et seq.  This statute, as discussed by the court in Beiswenger Enterprises Corp. v. Carletta, 86 F.3d 1032, 1033-1034 (11th Cir. 1996) "limits a vessel owner's liability for any damages arising from a maritime accident to the value of the vessel and its freight, provided that the accident occurred without such owner's 'privity or knowledge.'"[1]

---

[1] The Act specifically provides:

The liability of the owner of a vessel, whether American or foreign, for any embezzlement, loss, or destruction by any person of any property, goods, or merchandise shipped or put on board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture done, occasioned, or incurred, without the privity or knowledge of such owner or owners, shall not . . . exceed the amount or value of the interest of such owner in such vessel, and her freight then pending.

46 U.S.C. § 183(a)

2

Petitioner's complaint anticipated that the estate of Poderys would file a claim against Petitioner, and Petitioner argues, "the aforesaid damages, deaths, and injuries were not caused or contributed to by any fault, negligence, or lack of due care on the part of Petitioner." (Doc. # 1 at 2). Petitioner noted that, at the time of the filing of the Complaint for Exoneration from or Limitation of Liability, the vessel had not been arrested, and Petitioner's interest in the vessel was limited to $10,000.00.

Petitioner has deposited with the Court, as a security for the benefit of all potential claimants, an Ad Interim Stipulation for Value. Petitioner's Complaint essentially requested that this Court (1) approve the Ad Interim Stipulation for Value with surety; (2) issue a notice to all persons asserting claims with regard to which the Complaint seeks limitation warning such potential claimants to file their respective claims with the Court on or before a date set by the Court; (3) enjoin the further prosecution of any and all actions in any jurisdiction against Petitioner or the Vessel arising from the accident described above; (4) adjudge that Petitioner is not liable to any extent for any damages, injuries, or deaths for any related claims arising from the accident; and (5) adjudge that, in the instance that Petitioner is adjudged liable, that such liability be limited to the amount or value of Petitioner's interest in the vessel, and that Petitioner be discharged therefrom upon the surrender of such interest.

On December 17, 2003, the Court granted the stipulation for value of $10,000.00 with interest and directed issuance of a notice with regards to the suit and stipulation.

## II.  Amended Motion to Lift Stay

The December 17, 2003 Order also stayed the case, pursuant to Petitioner's request.[2]  Thereafter, on July 12, 2004, this Court lifted the stay of the case as to Claimant Dovile Petrikonyte, as Power of Attorney for the parents of the deceased, Egidijus Poderys. (Doc. # 31).  Petitioner then filed its Motion to Review Sufficiency of Existing Stipulation and to Require Claimant/Respondent to Amend Stipulation (Doc. # 68).  In response to Petitioner's request to review the stipulation, this Court entered an Order on May 20, 2005 (Doc. # 70) which vacated the previous July 12, 2004 Order (Doc. # 31) to the extent that the July 12, 2004 Order granted the Motion to Lift Order Restraining

---

[2] The Court's December 12, 2003 Order provided: "The further prosecution of any and all actions, suits and proceedings already commenced and the commencement or prosecution thereafter of any and all suits, actions, or proceedings, of any nature and description whatsoever in any jurisdiction, and the taking of any steps and the making of any motions in such actions, suits, or proceedings against the Petitioner, as aforesaid, or against the 25' Marurell motor vessel bearing Hull Identification Number: MAU02136A101 and Florida Registration Number: FL7280LM or against any property of the Petitioner except in this action, to recover damages for or in respect of any damages or injuries caused by or resulting from the collisions and crash of the aforesaid vessel as alleged in the Complaint, be and they thereby are restrained, stayed, and enjoined until the hearing and determination of this action." (Doc. # 3 at 3).

4

Suits (Doc. # 24) and lifted the stay as to Claimant/Respondent pursuant to the stipulations therein.   The May 20, 2005 Order reinstated the Court's Order of December 17, 2003 to the extent it restrained the further prosecution of any actions related to the vessel at issue. (Doc. # 3 at 3, ¶5).   In essence, the May 20, 2005 Order stayed the case once again.   The May 20, 2005 Order (Doc. # 70) also informed the parties that it would entertain a new motion to lift the stay and amended stipulation in accordance with the requirements set forth in Beiswenger Enterprises Corp. v. Carletta, 86 F.3d 1032 (11th Cir. 1996).   This Court was prompted to determine that the stipulation then in place was inadequate because Claimant, in the state court case, added other defendants, thus converting the case from a single claimant case to a multiple claimants case.[3]

---

[3]   The Beiswenger case illustrates the tension between the Limitation Act proceedings in admiralty with no right to a jury trial and the necessity of a concursus in the presence of multiple claims, and the savings to suitors clause of 28 U.S.C. § 1333(1) that creates a presumption in favor of jury trials and common law remedies in the forum of the claimant's choice.   The Beiswenger case explains that both the Limitation Act and the savings to suitors clause can effectively co-exist in two circumstances: (1) "where the limitation fund exceeds the aggregate amount of all the possible claims against the vessel owner" and (2) "where there is only one claimant".   86 F.3d at 1037.   Other courts have described these exceptions to exclusive federal court jurisdiction as (1) the multiple-claim-adequate-fund exception and (2) the single-claim-inadequate-fund exception.   See, e.g., Texaco, Inc. v. Williams, 47 F.3d 765, 767 (5th Cir. 1995).

Further, a multiple-claims case may be "transformed" into single claim case by entering appropriate stipulations. Beiswenger, 86 F.3d at 1038.   Particularly, the stipulations must provide for the priority of the competing claims.   The Beiswenger

Pursuant to the May 20, 2005 Order, Claimant has filed an amended stipulation (Doc. # 73).   At this juncture, the Court must evaluate the amended stipulation under the binding case of <u>Beiswenger</u>, and determine whether the amended stipulation properly protects Claimant's rights under the Limitation Act.

The entire stipulation submitted follows:

(a)  That the state court proceedings will be tried first.  Then the Federal District Court will determine exoneration or limitation of liability.

(b)  That the Petitioner, Jensen's Twin Palm Resort and Marina, has the right to litigate the issue of whether it is entitled to limit its liability under the provisions of the Limitation of Liability Act, 46 U.S.C. section 181 et seq. in this Court, and this Court has exclusive jurisdiction to determine this issue of limitation of liability.

(c)  That the Respondent/Claimant stipulates that the value of the vessel is the value that the Petitioner claimed in its pleading in this matter, and that the value of her Florida State Court claim(s), or claims for the death of the decedent filed in any fora, would be limited to that amount, should the Petitioner prevail in this Federal Court on the limitation of liability issue.

(d)  That, to the best of Respondent/Claimant's knowledge, the Respondent's claim is the only one that arises from this matter, other than potential cross-claims by the other two Defendants for indemnity or contribution.

(e)  That the Respondent/Claimant will not seek a determination of its Wrongful Death Claim that was filed in this Federal Court, and will Dismiss this Claim upon resolution of the State Court matter.

(f)  That the Respondent/Claimant concedes the shipowner's right to litigate all issues relating to the limitation of liability issue solely in Federal Court.

(g)  That the value of the vessel will be the limit of the fund available in the state court Wrongful Death action, if and only if the Petitioner prevails on his claim for limitation of liability in this Federal Court.

(h)  In the event there is a judgment or recovery in *any* state

_____

case sets forth other requirements for a valid stipulation, which this Court will discuss in the body of the opinion.

court action in excess of the limitation fund whether against Jensen's Twin Palm Marina & Resort, or any other liable parties who may cross-claim or claim over against the vessel owners, in no event will the claimant/personal representative of the estate of Egidijus Poderys seek to enforce said excess judgment or recovery insofar as same may expose Jensen's Twin Palm Marina & Resort to liability in excess of the limitation fund pending the adjudication of the limitation or [sic] liability action in the United States District Court.

(Doc. # 73 at 2-3).

Claimant asserts that the above amended stipulation is deficient for the following reasons: (1) the amended stipulation fails to include language concerning Claimant/Respondent's waiver of *res judicata* and waiver of issue preclusion; (2) the amended stipulation fails to account for possible liability in other fora; (3) the amended stipulation fails to allow Petitioner to pursue exoneration in addition to limitation; (4) the amended stipulation bears the signatures of the attorneys for the state court defendants Evaldas Siudikas and Lineta Keblaite, but fails to bear the actual signature of the state court defendants; (5) the amended stipulation does not provide a stipulation concerning the priority of claims against the limitation fund.

## A.    *Res Judicata* **and Issue Preclusion**

Petitioner is correct that the stipulation must include language concerning waiver of *res judicata* and issue preclusion. The <u>Beiswenger</u> case states, "Specifically, the claimant must waive any claim of *res judicata* relevant to the issue of limited liability based on any judgment obtained in the state court, and

7

concede the shipowner's right to litigate all issues relating to limitation in the federal limitation proceeding." 86 F.3d at 1037, 1044 (citing <u>Gorman v. Cerasia</u>, 2 F.3d 519, 524 (3d Cir. 1993)). Further, "the single claimant must formally concede the district court's exclusive jurisdiction to determine limitation of liability issues, that the value of the vessel and freight will be the limit of the fund available if limitation is granted, and that no *res judicata* arguments will be made based upon any state court judgment." <u>Beiswenger</u>, 86 F.3d at 1037 (citing <u>In re Midland Enter., Inc.</u>, 886 F.2d 812, 814 (6th Cir. 1989).

The amended stipulation proposed by Claimant does not specifically state that Claimant waives any and all claims of *res judicata* and issue preclusion. Due to the lack of a formal waiver of *res judicata* and issue preclusion, the amended stipulation is inadequate. The stipulation should be further amended to include this specific waiver.

**B. Scope of Stipulation**

The second argument Petitioner advances, that the amended stipulation fails to account for possible liability in other fora, is also a valid concern. At first glance, the amended stipulation's paragraph (c) seems to properly address the concern, as it provides:

> That the Respondent/Claimant stipulates that the value of the vessel is the value that the Petitioner claimed in its pleading in this matter, and **that the value of her**

**Florida State Court claim(s), or claims for the death of the decedent filed in any fora, would be limited to that amount,** should the Petitioner prevail in this Federal Court on the limitation of liability issue.

(Doc. # 73 at 2-3)(emphasis added).

However, the amended stipulation is ambiguous. A reasonable interpretation of the clause containing the disjunctive "or" emphasized above could improperly limit the scope of the stipulation in other fora. For example, the amended stipulation, arguably, would not cover claims other than "claims for the death of the decedent" in the law side of the federal court. As argued by Petitioner, the stipulation should state unambiguously that the stipulation covers all causes of action whether brought in state or federal court. In the <u>Beiswenger</u> case, the stipulation under scrutiny was not satisfactory because it only covered "state court" proceedings, and the court noted:

> [T]he stipulations must protect the vessel owner from litigation by the damage claimants in *any* forum outside the limitation proceeding. Here, the stipulations refer only to "state court." Because damage claims may also be heard in other fora (e.g., the law side of the federal court), the appellees' stipulations must be amended accordingly.

86 F.3d at 1044.

Accordingly, the amended stipulation in the present case should be amended to unambiguously cover all causes of action in state or federal court.

C.    **Limitation and Exoneration**

Petitioner also argues that the amended stipulation is deficient because it fails to allow Petitioner to pursue exoneration in addition to limitation.  Petitioner acknowledges that the stipulation does, in fact, mention both limitation and exoneration in paragraph (a).  Specifically, the stipulation states: "That the state court proceedings will be tried first. Then the Federal District Court will determine exoneration or limitation of liability." (Doc. # 73 at 2-3).  Petitioner complains that, while both limitation and exoneration are mentioned in paragraph (a), the remainder of the stipulation mentions only limitation of liability, and improperly fails to use the term "exoneration" from liability.[4]    The Court agrees that the

---

[4] There is some tension in the case law regarding whether stipulations, such as the one in this case, must include language about exoneration from liability.  For example, in In re American Commercial Lines, L.L.C., 158 F. Supp. 2d 1312 (S.D. Ala. 2001) the court held that a claimant was not required to stipulate to exoneration to lift a federal stay order.  The American Commercial Lines case cited the opinion of Lake Tankers Corp. v. Henn, 354 U.S. 147, 152-152 (1957), which held: "The Act is not one of immunity from liability but of limitation of it and we read no other privilege for the shipowner into its language over and above that granting him limited liability."  Here, however, the amended stipulation does, in fact, include "exoneration" in paragraph (a), and it appears that the parties have agreed that Petitioner may pursue exoneration as well as limitation in Federal Court.  This is consistent with Rule F(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims, which states: "The complaint shall set forth the facts on the basis of which the right to limit liability is asserted . . . . The complaint **may** demand exoneration from as well as limitation of liability." (Emphasis added). Because exoneration is already included in the amended stipulation, it is not necessary for this Court to provide further analysis of

stipulation should specify, in each appropriate paragraph, Petitioner's rights to pursue limitation of or exoneration from liability in the federal proceedings. Accordingly, the stipulation should so be amended.

**D.   Signatures of State Court Defendants**

Petitioner notes that the amended stipulation bears the signatures of the attorneys for the state court defendants, Evaldas Siudikas and Lineta Keblaite, but fails to bear the actual signatures of the state court defendants. Petitioner relies on the following holding in the case of In re Banker Smith & Son, 1998 U.S. Dist. LEXIS 4136, at *6; 1998 AMC 2647 (E.D. La. 1998):

> [P]arties seeking indemnification and contribution from a shipowner must be considered claimants within the meaning of the Limitation Act. Moreover . . . in multiple-claimant situations, simply giving the parties who seek indemnity priority over the claims of the claimants was inadequate. Therefore . . . all the parties must sign the stipulation.

Petitioner also cites the case of Odeco Oil & Gas Co., Drilling Division v. Bonnette, 74 F.3d 671, 674 (5th Cir. 1996)(holding that parties seeking indemnity and contribution are claimants within the meaning of the Limitation Act and must "actually sign the stipulation before the injured claimants may

---

whether the stipulation must provide for exoneration in the federal proceeding.   The parties have determined that inclusion of the possibility of exoneration in the federal court is appropriate. This Court has simply determined that the stipulation should be internally consistent with regards to its use of the terms "exoneration" from and "limitation" of liability.

proceed in state court.")

The Eleventh Circuit has not required that the stipulations bear the signature of the actual party, rather than that party's attorney, in Limitation proceedings. In the present case, the signatures of counsel for the defendants in the state court proceedings adequately assure the Court that the state court defendants consented to the terms of the stipulation. It is a well established principle of law that "A stipulation by counsel is presumed to have been duly authorized by the client unless the contrary appears, and even an unauthorized stipulation or agreement, made in the conduct and management of the litigation, may be imputed to the client, whose remedy then is against the attorney." 7a C.J.S. § 248 Attorney and Client at 253 (2004). The United States Supreme Court has ruled that "When an attorney has been retained he has certain implied powers to act for his client, in a suit actually commenced, in the due and orderly conduct of the case through the courts. In cases of suits actually pending he may agree that one suit shall abide the event of another suit involving the same question, and his client will be bound by this agreement." Stone v. Bank of Commerce, 174 U.S. 412, 422 (1899). In addition, the court in Arvilla Motel, Inc. v. Shriver, 889 So. 2d 887, 891 (Fla. 2d DCA 2004) held, "an attorney acting for his client within the scope of his authority binds his client."

12

In this case, Petitioner has not alleged that the attorneys for the state court defendants have exceeded the scope of their authority or that such attorneys have acted improperly.  Absent a specific argument that the attorneys who signed the stipulation exceeded the scope of the authority vested in them by their respective clients, this Court will assume that the clients intended to be bound by the signatures of their attorneys, and will find that the signatures of counsel are adequate.

**E.   Priority of Claims**

Last, Petitioner asserts that the stipulation does not provide a agreement concerning the priority of claims against the limitation fund.  A statement of such priority is required. Beiswenger, 86 F.3d at 1038 ("courts have allowed claimants to transform a multiple-claims-inadequate-fund case into the functional equivalent of a single claim case through appropriate stipulations, including stipulations that set the priority in which the multiple claims will be paid from the limitation fund.  By entering such stipulations, the damage claimants effectively guarantee that the vessel owner will not be exposed to competing judgments in excess of the limitation fund.") The court in Beiswenger relies on many cases which discuss the necessity of a stipulation of priority of claims.  See Gorman, 2 F.3d at 526; Magnolia Marine Transp. Co., Inc. v. Laplace Towing Corp., 964 F.2d 1571, 1576 (5th Cir. 1992); In re Dammers & Vanderheide &

<u>Scheepvaart Maats Christina B.V.</u>, 836 F.2d 750, 756 (2d Cir. 1988); <u>S & E Shipping Corp. v. Chesapeake & Ohio Ry. Co.</u>, 678 F.2d 636, 644 (6th Cir. 1982); <u>Universal Towing Co. v. Barrale</u>, 595 F.2d 414, 420 (8th Cir. 1979).

In the present case, the amended stipulation is inadequate because it fails to enumerate a specific priority of claims.

## III. Conclusion

The Court has scrutinized the amended stipulation under the standards set forth by the Eleventh Circuit in <u>Beiswenger</u>, 86 F.3d 1032, and finds that the amended stipulation is inadequate. The amended stipulation has many of the features required by <u>Beiswenger</u>; however, as specified in this Order, the stipulation requires some adjustment before it can adequately protect Petitioner's rights in limitation of or exoneration from liability. Accordingly, the December 17, 2003 Order restraining the Orange County, Florida state court suit remains in effect. The Court will consider a stipulation amended as specified in this Order so that the state court case may progress. With these specifications in mind, Petitioner and Claimant shall submit a joint stipulation to protect Petitioner's federal rights under the Limitation Act and also allow Claimant to pursue the wrongful death action in state court consistent with the savings to suitors clause. The parties shall file the amended stipulation consistent with the foregoing on or before February 15, 2006, or shall, alternatively demonstrate to

the Court any reason why such a stipulation would not be proper.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

1.  Claimant/Respondent's Second Amended Motion to Lift Order Restraining Suits and Amended Stipulation (Doc. # 73) is **DENIED.** The Amended Stipulation is inadequate to protect Petitioner's right to limitation of or exoneration from liability.

2.  The Court's Order of December 17, 2003 remains in full force and effect to the extent it restrained the further prosecution of any actions related to the vessel at issue. (Doc. # 3 at 3, ¶5.)

3.  The parties shall file an amended stipulation consistent with the foregoing on or before February 15, 2006, or shall, alternatively demonstrate to the Court any reason why such a stipulation would not be proper.

**DONE** and **ORDERED** in Chambers in Fort Myers, Florida, this <u>30th</u> day of January 2006

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of record