```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

JENSENS TWIN PALM RESORT & MARINA,
as owner of a 25' Maurell motor
vessel, bearing the Hull
Identification No.: MAU02136A101
and Florida Registration No.:
FL7280LM, for Exoneration from or
limitation of liability,

                                                   Case No.   2:03-cv-678-FtM-33DNF
            Petitioner,
v.

DOVILE PETRIKONYTE as Power of Attorney
for the Parents of the Deceased,
Egidijus Poderys,

            Claimant.
_____/

## ORDER

This matter comes before the Court upon Claimant/Respondent's Fourth Amended Motion to Lift Order Restraining Suits and Third Amended Stipulation (Doc. # 82), which was filed on March 8, 2006. Petitioner filed a response in opposition on March 16, 2006 (Doc. # 83).

As has been more fully described in several Orders preceding this Order, this suit was initiated by Petitioner on December 17, 2003, as Petitioner filed a complaint for exoneration from or limitation of liability (Doc. # 1).  Pursuant to Petitioner's motion, the Court entered an Order that restrained suits (Doc. # 3). Claimant/Respondent Dovile Petrikonyte filed a motion challenging the Order restraining suits on May 6, 2004 (Doc. # 24),

which Judge Steele granted on July 12, 2004 in an Order lifting the restraint of suits (Doc. # 31).  Thereafter, Petitioner argued that its rights were not adequately protected, and Petitioner requested review of the stipulation (Doc. # 68).  On May 20, 2005, this Court granted Petitioner's motion to review the sufficiency of the stipulation (Doc. # 70).  This Court vacated Judge Steele's Order that lifted the stay of suits (Doc. # 31), and this Court required that the parties amend the stipulation so that Petitioner's rights would be adequately protected as required by the Eleventh Circuit's decision in Beiswenger Enterprises Corp. v. Carletta, 86 F.3d 1032 (11th Cir. 1996). (Doc. # 70).  Since the May 20, 2005 Order (Doc. # 70), the parties have attempted to enter into a proper stipulation on several occasions (Docs. # 73-83). Claimant/Respondent filed a third motion to amend the stipulation and proposed a stipulation on February 15, 2006 (Doc. # 79) and Petitioner filed a response indicating that Petitioner agreed with the majority of the stipulation proposed by Claimant/Respondent; however, Petitioner sought several adjustments to the stipulation (Doc. # 80).  In an Order dated March 2, 2006, this Court requested that Claimant/Respondent respond to Petitioner's proposed amendments to the stipulation (Doc. # 81).

Most recently, Claimant/Respondent filed a Fourth Amended Motion to Lift Order Restraining Suits and Second Amended Stipulation (Doc. # 82).  Petitioner filed a response in opposition

stating that the amendments proposed by Respondent were unnecessary (Doc. # 83).

This Court has considered the multiple stipulations and amendments thereto submitted by the parties and finds that the following stipulation, which combines proposed language from several stipulations submitted by the parties, should govern the proceedings:

(a) That the state court proceedings will be tried first. Then, the Federal District Court will determine exoneration from or limitation of liability.

(b) That the Petitioner, Jensen's Twin Palm Resort and Marina, has the right to litigate the issue of whether it is entitled to limit or exonerate its liability under the provisions of the Limitation of Liability Act, 46 U.S.C. section 181 et seq., in this Court, and this Court has exclusive jurisdiction to determine the issue of limitation of liability, and that this Court has exclusive jurisdiction to determine the issue of limitation of or exoneration from liability.

(c) That the Respondent/Claimant waives any and all claims of res judicata or issue preclusion related to the issue of limited liability or exoneration from liability based on any judgment obtained in state court, and concedes the shipowner's right to litigate all issues regarding limitation or exoneration in the federal proceeding.

(d) That the Respondent/Claimant stipulates that the value of the vessel is the value that the Petitioner claimed in its pleading in this matter, and that the value of any/all causes of action, whether brought in federal or state court, or any other fora, would be limited to that amount, should the Petitioner prevail in this Federal Court on the limitation of or exoneration from liability issue.

(e) That, to the best of Respondent/Claimant's knowledge, the Respondent's claim as currently pled is the only one that arises from this matter, other than potential cross-claims for indemnity or contribution.

(f) That the Respondent/Claimants will not seek a determination of

      its Wrongful Death Claim that was filed in this Federal Court, and will Dismiss this Claim upon the granting of Respondent's Motion to Lift Order Restraining Suits.

(g)    That the Respondent/Claimant concedes the shipowner's right to litigate all issues relating to the limitation of or exoneration from liability issue solely in Federal Court.

(h)    That the value of the vessel will be the limit of the fund available in the state court Wrongful Death action and/or negligence actions, if and only if the Petitioner prevails on his claim for limitation of or exoneration from liability in this Federal Court.

(i)    In the event there is a judgment or recovery in *any* state court action, federal court action, or an action in any other fora, in excess of the limitation fund whether against Jensen's Twin Palm Marina & Resort, or any other liable parties who may cross-claim or claim over against the vessel owners, in no event will the claimant/personal representative of the estate of Egidijus Poderys seek to enforce said excess judgment or recovery insofar as same may expose Jensen's Twin Palm Marina & Resort to liability in excess of the limitation fund pending the adjudication of the limitation of or exoneration from liability action in the United States District Court.

(j)    Respondent/Claimants stipulate that any claims for attorneys' fees, costs, or reimbursement or compensation of benefits arising out of the defense or prosecution of any cross/counter claims for indemnity or contribution ever made would have first priority over any claims made against the limitation fund. Further, Respondent/Claimants stipulate that any claims for attorney's fees and costs associated with any cross/counter-cross claim by Petitioner against Lineta Keblaite or Evaldas Siudikas in any state court action shall have first priority over any claims against the limitation fund in addition to claims for Petitioner's attorney's fees and costs associated with any appeal in the state court action whether as appellant or appellee regardless of whether same are awarded by court order.

    The Court is mindful that it cannot force a party into signing a stipulation against that party's will. The above stipulation would adequately protect Petitioner's rights under the Limitation

4

Act and give the Claimant an opportunity to pursue state court remedies should the stay in this case be lifted. If the parties do not agree to enter into the above stipulation or a stipulation substantially similar thereto, the Court will have no choice but to deny the motion to lift stay. The Court has given the parties multiple opportunities to jointly craft an appropriate stipulation as described in Beiswenger Enterprises Corp, 86 F.3d at 1032. The parties shall inform the Court as to whether they agree to the stipulation outlined above within ten days of the date of this Order. If the parties agree to the terms of the stipulation or to a stipulation substantially similar thereto, they shall file the stipulation signed by all parties within ten days of the date of this Order.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

1. Claimant/Respondent's Fourth Amended Motion to Lift Order Restraining Suits and Third Amended Stipulation (Doc. # 82) is held in abeyance pending notice from both parties within the next ten days as to whether the parties agree to enter into the stipulation outlined above or to a stipulation substantially similar to the above stipulation. If the parties agree to the stipulation or a substantially similar stipulation, they shall file a copy signed by all parties within the next ten days. If the parties are unable to agree

5

to enter into the above stipulation or a substantially similar stipulation, or if the parties fail to timely file a notice regarding the stipulation altogether, the Court will deny the motion to lift order restraining suits and this action will proceed in federal court.

**DONE** and **ORDERED** in Chambers in Fort Myers, Florida, this 24th day of March, 2006.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of record